UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWANK PRINCE, | No. 2: 20-cv-1962 KJN P |
| Petitioner, | |
| v. | ORDER |
| MICHAEL RAMSEY, et al., | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Petitioner's claims have not been presented to the California Supreme Court.[1] However, "a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines." Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (citing Rhines v. Weber, 544 U.S. 269 (2005)). Accordingly, the undersigned will provide petitioner an opportunity to move for a stay under Rhines.

A petitioner qualifies for a stay under Rhines so long as (1) good cause is shown for a failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially have merit; and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, 544 U.S. at 277-78. Although good cause does not require "extraordinary circumstances," courts must "interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.'" Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (quoting Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005)). The Ninth Circuit has further rejected a "broad interpretation of 'good cause.'" Wooten, 540 F.3d at 1024. Instead, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Pursuant to Rhines, petitioner will be granted an opportunity to file a motion for stay and abeyance in which he sets forth good cause for failure to exhaust his claims prior to filing his current federal habeas petition; that his unexhausted claims are meritorious; and that he has not been dilatory in proceeding on his claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

////

---

[1] It appears that petitioner's claims have been raised in habeas corpus petitions filed in the Butte County Superior Court and California Court of Appeal. (ECF No. 1 at 3, 4.) The petition indicates that petitioner has not filed a habeas corpus petition in the California Supreme Court raising his claims.

      2. Petitioner is granted thirty days from the date of this order to file a motion for stay and abeyance pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005)

      3. Petitioner is warned that failure to file a motion for stay and abeyance within thirty days will result in a recommendation that this action be dismissed as unexhausted.

Dated:  November 9, 2020

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Pr1962.ord

3