UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWANK PRINCE,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL RAMSEY,<br><br>Respondent. | No. 2: 20-cv-1962 TLN KJN P<br><br><br><br>ORDER |

Petitioner is a prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In the petition, petitioner alleges that he was convicted of assault with a deadly weapon in Butte County Superior Court.  The petition raises two claims: 1) ineffective assistance of counsel; and 2) violation of Brady v. Maryland, 373 U.S. 83 (1963).

On November 9, 2020, the undersigned issued an order finding that petitioner's claims were not exhausted.  (ECF No. 6.)  The undersigned granted petitioner thirty days to file a motion for stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  (Id.)  On December 7, 2020, petitioner filed a motion to stay.  (ECF No. 11.)

After issuing the November 9, 2020 order, the undersigned reviewed the docket from the Butte County Superior Court regarding petitioner's case.  This docket indicates that petitioner was charged with assault with a deadly weapon in violation of California Penal Code § 245(a)(1).  On or around August 14, 2020, petitioner was found guilty following a jury trial.  The last entry

on the docket is from a sentencing hearing held on December 9, 2020. The docket describes the case status as "active." Thus, it does not appear that a final judgment has been entered in petitioner's case.

Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); see also, Rule 1 Governing Section 2254 Cases in the United States District Court.

If no judgment has been entered in petitioner's case, this court does not have jurisdiction to consider petitioner's habeas corpus petition. Accordingly, petitioner is ordered to show cause why this action should not be dismissed for lack of jurisdiction

Petitioner has also filed three motions for appointment of counsel. (ECF Nos. 7, 10, 11.) These motions are denied without prejudice on the grounds that it appears that the court lacks jurisdiction to consider petitioner's habeas corpus petition. Petitioner may renew these motions if the undersigned determines that there is jurisdiction to consider his habeas corpus petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of this order, petitioner shall show cause why this action should not be dismissed for lack of jurisdiction;
2. Petitioner's motions for appointment of counsel (ECF Nos. 7, 10, 11) are denied without prejudice.

Dated: December 14, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Prince1962.osc

2