UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWANK PRINCE, | No. 2: 20-cv-1962 TLN KJN P |
| Petitioner, | |
| v. | ORDER & FINDINGS & RECOMMENDATIONS |
| MICHAEL RAMSEY, | |
| Respondent. | |

Petitioner is a prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In the petition, filed September 30, 2020, petitioner alleges that he is challenging the validity of his conviction for Butte County case no. 19CF04016.  Petitioner alleges that he was convicted of assault with a deadly weapon in violation of California Penal Code § 245(a)(1).  Petitioner raises two claims:  1) ineffective assistance of counsel; and 2) violation of Brady v. Maryland, 373 U.S. 83 (1963).

Butte County Superior Court records for case no. 19CF04016 indicate that on September 30, 2020, petitioner had been convicted of violating California Penal Code § 245(a)(1), but was not yet sentenced.  The Butte County Superior Court records indicate that a sentencing hearing is scheduled for February 10, 2021.

The federal habeas statute gives district courts jurisdiction to entertain petitions challenging a judgment of conviction only for persons who are "in custody" under the conviction

1

at the time that the petition is filed. See, e.g., Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Petitioner was not in custody under his conviction for violating California Penal Code § 245(a)(1) at the time he filed this action on September 30, 2020 because petitioner had not yet been sentenced for that offense in case no. 19CF04016. See Fordjour v. Stewart, 2002 WL 1497792, *4 (N.D. Cal. July 9, 2002). "Under California law there is no judgment of conviction prior to sentencing." Id. (citing Cal. Pen. Code § 1237). Therefore, this court lacks jurisdiction to consider petitioner's habeas corpus petition. See id.

On December 14, 2020, the undersigned ordered petitioner to show cause why this action should not be dismissed for lack of jurisdiction. (ECF No. 12.) On January 21, 2021, petitioner filed a response to the order to show cause titled "Motion to Show Cause for Jurisdiction." (ECF No. 15.) After reviewing this pleading, the undersigned finds that petitioner has not demonstrated that the court has jurisdiction to consider his petition.

Accordingly, for the reasons discussed above, the undersigned finds that the court does not have jurisdiction to consider petitioner's petition for writ of habeas corpus because petitioner was not in custody under the at-issue conviction at the time he filed the petition.

Accordingly, IT IS HEREBY ORDERED that petitioner's January 21, 2021 motion (ECF No. 15) is construed as a response to the December 14, 2020 order to show cause;

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 27, 2021

Pr1962.dis

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE