UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWANK PRINCE,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL RAMSEY,<br><br>Respondent. | No. 2: 20-cv-1962 TLN KJN P<br><br><br><br>ORDER |

Petitioner is proceeding, without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition raises two claims: 1) ineffective assistance of counsel; and 2) violation of Brady v. Maryland, 373 U.S. 83 (1963). (ECF No. 1.)

On January 27, 2021, the undersigned recommended that this action be dismissed for lack of jurisdiction. (ECF No. 16.) The undersigned found that petitioner was not "in custody" under the at-issue conviction because he was not sentenced. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989). In his objections, filed February 16, 2021, petitioner alleges that he has now been sentenced. (ECF No. 19.) Good cause appearing, the January 27, 2021 findings and recommendations are vacated because petitioner appears to meet the "in custody" requirement for habeas jurisdiction.

The petition indicates that petitioner's claims were raised in habeas corpus petitions filed in the Butte County Superior Court and the California Court of Appeal. (ECF No. 1 at 3, 4.)

1

Petitioner later informed the court that he filed a habeas corpus petition raising his claims in the California Supreme Court. (ECF No. 11.) Records from the California Supreme Court reflect that on February 10, 2021, the California Supreme Court denied petitioner's habeas corpus petition. Therefore, the claims raised in the petition appear to be exhausted.

Records from the Butte County Superior Court and California Court of Appeal reflect that petitioner filed a notice of appeal regarding the at-issue criminal conviction, i.e., California Court of Appeal case no. C093531. This appeal is now pending.

Within thirty days of the date of this order, petitioner shall inform the court whether he intends to raise the claims raised in his state appeal in the instant action. If petitioner intends to raise these unexhausted claims in the instant action, petitioner shall file a motion to stay this action pending the exhaustion of these unexhausted claims.[1]

Two procedures may be used in staying a petition — one provided for by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), and the other by Rhines v. Weber, 544 U.S. 269 (2005). King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Under the Kelly procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. Kelly, 315 F.3d at 1070-71; King, 564 F.3d at 1135. If the federal petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under Kelly must first dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. King, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. King, 564 F.3d at 1140-41. Under that statute, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new

---

[1] Petitioner is informed that if he later files a separate federal habeas petition raising additional claims, it may be denied as an improper second or successive habeas petition. See 28 U.S.C. § 2244(b).

rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Under Rhines, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims, while the petitioner attempts to exhaust them in state court. King, 564 F.3d at 1139-40. Unlike the Kelly procedure, however, Rhines requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. Rhines, 544 U.S. at 277-78; King, 564 F.3d at 1139. In addition, a stay pursuant to Rhines is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." Id.

If petitioner seeks a stay of this action pursuant to Rhines, he shall file a petition raising all of his claims, unexhausted and exhausted.

Accordingly, IT IS HEREBY ORDERED that:

1. The January 27, 2021 findings and recommendations are vacated;
2. Within thirty days of the date of this order, petitioner shall inform the court whether he intends to raise the claims raised in his state appeal in the instant action; if petitioner intends to raise the claims raised in his state appeal in the instant action, within thirty days of the date of this order, petitioner shall file a motion to stay this action; if the motion to stay is made pursuant to Rhines v. Weber, petitioner shall also file an amended petition raising his exhausted and unexhausted claims.

Dated: April 19, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Pr1962.ord(2)

3