UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWANK PRINCE,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL RAMSEY,<br><br>Respondent. | No. 2: 20-cv-1962 TLN KJN P<br><br><br><br>ORDER |

Petitioner is proceeding, without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, petitioner is ordered to show cause why this action should not be dismissed for his failure to prosecute.

At the outset, the undersigned observes that he has not yet ordered respondent to file a response to any claims raised by petitioner because the issue of what claims petitioner intends to raise has not been resolved, as discussed herein.

The petition raises two claims: 1) ineffective assistance of counsel; and 2) violation of Brady v. Maryland, 373 U.S. 83 (1963). (ECF No. 1.) These claims are exhausted. (See ECF No. 21 at 2.) However, records from the Butte County Superior Court and the California Court of Appeal reflect that petitioner filed a notice of appeal regarding the at-issue criminal conviction, i.e., California Court of Appeal case no. C093531. (Id.) This appeal is pending. (Id.)

////

1

On April 19, 2021, the undersigned ordered petitioner to inform the court within thirty days whether he intended to raise the claims raised in his state appeal in the instant action. (ECF No. 21.) If petitioner intended to raise these unexhausted claims, the undersigned ordered petitioner to file a motion to stay this action pending the exhaustion of these unexhausted claims. (Id.) Thirty days passed and petitioner did not respond to the April 19, 2021 order.

Federal Rule of Civil Procedure 41(b) grants district courts sua sponte authority to dismiss actions for failure to prosecute or for failure to comply with court orders. Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992). "District courts have the inherent power to control their dockets and, [i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal of a case." Ferdik, 963 F.2d at 1260 (internal quotation marks omitted).

In determining whether to dismiss an action for failure to prosecute or for failure to comply with court orders, a court must weigh five factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants/respondents; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Pagtalunan, 291 F.3d at 642) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)); see also Valley Eng'rs Inc. v. Elect. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) ("[W]here a court order is violated, factors 1 and 2 support sanctions[.]"). Petitioner failed to respond to the April 19, 2021 order. Therefore, this factor favors dismissal.

Courts have "the power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." Ferdik, 963 F.2d at 1261. Petitioner's failure to inform the court on which claims he intends to proceed hinders the court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently. Consequently, the court's need to manage its docket favors dismissal.

////

The third factor—the risk of prejudice to respondent—also favors dismissal. Although respondent has not appeared, respondent will be prejudiced by the delay in resolution of this action caused by petitioner's failure to notify the court of the claims he wishes to proceed on. See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (citing In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994) ("The law ... presumes prejudice from unreasonable delay."); Pagtalunan, 291 F.3d at 643 (Unreasonable "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."); Yourish, 191 F.3d at 991-92 ("Plaintiffs' paltry excuse for [their] default on the judge's order [to timely amend their complaint] indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal."). Accordingly, this factor weighs in favor of dismissal.

The fourth factor, the public policy favoring resolution of the merits, weighs against dismissing this action. Pagtalunan, 291 F.3d at 643. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines ... cannot move forward toward resolution on the merits." In re Phenylpropanolamine (PPA) Products Liab. Litig., 460 F.3d at 1228. Accordingly, "this factor 'lends little support' to a party [such as Petitioner] whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id.

Regarding the fifth factor, it is not clear what sanctions less than dismissal are reasonably available based on petitioner's failure to identify the claims on which he intends to proceed. It is not reasonable to order respondent to respond to the exhausted claims if petitioner has no intention of prosecuting this action at this time. For this reason, this factor favors dismissal.

For the reasons discussed above, petitioner is ordered to show cause why this action should not be dismissed for his failure to prosecute. Failure to respond to this order will result in a recommendation of dismissal of this action.

////

////

////

////

3

Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the date of this order, petitioner shall show cause why this action should not be dismissed for his failure to prosecute.

Dated: May 26, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Pr1962.osc.kc

4