UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWANK PRINCE, | No. 2: 20-cv-1962 TLN KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| MICHAEL RAMSEY, | |
| Respondent. | |

Petitioner is proceeding, without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 27, 2021, the undersigned ordered petitioner to show cause, within twenty-one days, why this action should not be dismissed for his failure to prosecute. (ECF No. 22.) Twenty-one days passed and petitioner did not respond to the May 27, 2021 order. Accordingly, for the reasons stated herein, the undersigned recommends that this action be dismissed for petitioner's failure to prosecute.

At the outset, the undersigned observes that he has not yet ordered respondent to file a response to any claims raised by petitioner because the issue of what claims petitioner intends to raise has not been resolved, as discussed herein.

The petition raises two claims: 1) ineffective assistance of counsel; and 2) violation of Brady v. Maryland, 373 U.S. 83 (1963). (ECF No. 1.) These claims are exhausted by the February 10, 2021 order by the California Supreme Court. (See ECF No. 21 at 2.) However,

1

records from the Butte County Superior Court and the California Court of Appeal reflect that petitioner filed a notice of appeal regarding the at-issue criminal conviction, i.e., California Court of Appeal case no. C093531. (Id.) Presumably, the appeal raises new claims that have not been exhausted. This appeal is pending. (Id.)

On April 19, 2021, the undersigned ordered petitioner to inform the court within thirty days whether he intended to raise the claims raised in his state appeal in the instant action. (ECF No. 21.) If petitioner intended to raise these unexhausted claims, the undersigned ordered petitioner to file a motion to stay this action pending the exhaustion of these unexhausted claims. (Id.) Thirty days passed and petitioner did not respond to the April 19, 2021 order. As discussed above, petitioner also failed to respond to the May 27, 2021 order directing him to show cause why this action should not be dismissed for his failure to prosecute.

Federal Rule of Civil Procedure 41(b) grants district courts sua sponte authority to dismiss actions for failure to prosecute or for failure to comply with court orders. Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992). "District courts have the inherent power to control their dockets and, [i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal of a case." Ferdik, 963 F.2d at 1260 (internal quotation marks omitted).

In determining whether to dismiss an action for failure to prosecute or for failure to comply with court orders, a court must weigh five factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants/respondents; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Pagtalunan, 291 F.3d at 642) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)); see also Valley Eng'rs Inc. v. Elect. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) ("[W]here a court order is violated, factors 1 and 2 support sanctions[.]"). Petitioner's failure to inform the court on which claim he intends to proceed hinders the expeditious resolution of this

action. Therefore, this factor favors dismissal.

Courts have "the power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." Ferdik, 963 F.2d at 1261. Petitioner's failure to respond to the April 19, 2021 and May 27, 2021 orders indicates that petitioner does not intend to litigate this action diligently. Consequently, the court's need to manage its docket favors dismissal.

The third factor—the risk of prejudice to respondent—also favors dismissal. Although respondent has not appeared, respondent will be prejudiced by the delay in resolution of this action caused by petitioner's failure to notify the court of the claims he wishes to proceed on. See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (citing In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994) ("The law ... presumes prejudice from unreasonable delay."); Pagtalunan, 291 F.3d at 643 (Unreasonable "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."); Yourish, 191 F.3d at 991-92 ("Plaintiffs' paltry excuse for [their] default on the judge's order [to timely amend their complaint] indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal."). Accordingly, this factor weighs in favor of dismissal.

The fourth factor, the public policy favoring resolution of the merits, weighs against dismissing this action. Pagtalunan, 291 F.3d at 643. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines ... cannot move forward toward resolution on the merits." In re Phenylpropanolamine (PPA) Products Liab. Litig., 460 F.3d at 1228. Accordingly, "this factor 'lends little support' to a party [such as Petitioner] whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id.

Regarding the fifth factor, it is not clear what sanctions less than dismissal are reasonably available based on petitioner's failure to identify the claims on which he intends to proceed. It is not reasonable to order respondent to respond to the exhausted claims if petitioner has no intention of prosecuting this action at this time. For this reason, this factor favors dismissal.

////

////

3

After weighing the factors discussed above, the undersigned finds that this action should be dismissed for petitioner's failure to prosecute.[1]

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for petitioner's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 29, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Pr1962.fr

---

[1] Petitioner is informed of the statute of limitations for filing a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1)(A)-(D). Petitioner generally has one year from the date his conviction becomes final to file a timely federal habeas petition. See 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction generally becomes final ninety days after the California Supreme Court denies his petition for review. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari with the United States Supreme Court, his conviction became final ninety days after the California Supreme Court denied review).